# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HECTOR ESCOBEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 CV 11668 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| METROPOLITAN WATER RECLAMATION ) | |
| DISTRICT OF GREATER CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, defendant's motion to dismiss the amended complaint is converted to a motion for summary judgment and granted.

## BACKGROUND

Plaintiff, Hector Escobedo, was employed by the Metropolitan Water Reclamation District of Greater Chicago ("MWRD") as a laboratory technician. He has sued the MWRD for violating the Americans with Disabilities Act ("ADA") in connection with his suspension and the termination of his employment.

The MWRD moves to dismiss plaintiff's amended complaint as time-barred. On August 15, 2018, the Court entered an order stating that because the MWRD's motion relies on materials outside the complaint, the Court is converting the motion to a motion for summary judgment. The Court gave the parties an opportunity to file additional material that is pertinent to the motion, and they did so.

DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" only if a reasonable jury could find for either party. *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014). The Court must construe the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014).

Escobedo claims that the MWRD violated the ADA when it suspended him and later terminated his employment. The ADA prohibits covered entities from discriminating against a qualified individual on the basis of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). ADA claims must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful employment practice occurred. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a)).

The MWRD contends that Escobedo's claims are barred by the statute of limitations. On April 26, 2013, the MWRD sent Escobedo a letter notifying him that he was being suspended without pay for the period of May 1, 2013 through May 30, 2013, pending his discharge from employment. (ECF No. 95-1, Ex. A to Def.'s Mot., at 8-10.) On May 29, 2013, the MWRD sent Escobedo a letter notifying him that Termination Charges had been filed against him before the MWRD's Civil Service Board (the "Board"). (*Id.* at 2-7.) The Board conducted a discharge

2

hearing on December 16, 2015; February 17, 2016; and March 16, 2016, in which Escobedo participated with the assistance of counsel. (*Id.*, Ex. B to Def.'s Mot., at 1.) On June 25, 2016, the Board issued a decision terminating Escobedo's employment. (*Id.*) On September 13, 2016, Escobedo filed an EEOC Charge alleging disability discrimination and retaliation with respect to his discharge. (*Id.*, Ex. C to Def.'s Mot.)[1] He filed the instant action on December 28, 2016.

Escobedo's claims are time-barred if they accrued before November 18, 2015 (300 days prior to the filing of his 2016 Charge). The issue on summary judgment is whether there is a genuine dispute as to whether the claims accrued before that date. *See Stepney*, 392 F.3d at 239. To determine the date of accrual, the Court looks at the unlawful employment practices alleged and the dates on which these practices "occurred" for purposes of the ADA. *See id.* Escobedo complains about his suspension and termination. The MWRD argues that Escobedo's claims accrued on either May 1, 2013 (the effective date of Escobedo's suspension pending discharge) or May 29, 2013 (the date Escobedo was notified of the Termination Charges). Escobedo argues that the statute of limitations did not begin to run until the Board rendered its decision in June 2016 to terminate his employment with the MWRD, and he points out that only the Board could make that final termination decision.

"Under the notice rule, the 300-day limitations period commences 'at the time the employment decision was made and communicated to the employee.'" *Id.* at 240 (brackets

---

[1] Escobedo had also filed an EEOC Charge on August 12, 2014, in which he complained that the MWRD had discriminated against him on the basis of his disability by suspending his employment without pay indefinitely. (ECF No. 95-1, Ex. D to Def.'s Mot.) On September 30, 2014, the EEOC issued Escobedo a Dismissal and Notice of Rights with respect to the Charge, but Escobedo did not file a lawsuit within ninety days of his receipt of that notice. (*Id.*, Ex. E to Def.'s Mot.) Escobedo does not discuss the 2014 Charge in his filings or present any argument about whether it affects the accrual analysis.

3

omitted) (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). "The period begins to run when the employee knows he has been injured, 'not when he determines that the injury was unlawful.'" *Id.* (brackets omitted) (quoting *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001)); *see also Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) ("[D]iscovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run."). While Escobedo is correct that his employment was not terminated until the Board rendered its decision in 2016, his claims accrued on April 26, 2013, when it is undisputed that he was notified that he was being suspended pending discharge, or, at the latest, on May 29, 2013, when it is undisputed that he was notified that the MWRD had filed termination charges against him. *See Myers v. Metro. Water Reclamation Dist.*, No. 04 C 6777, 2005 WL 991899, at *2 (N.D. Ill. Apr. 11, 2005) (dismissing ADA claim as time-barred where plaintiff, a former MWRD employee, was suspended in December 1999 pending termination and terminated by the Board in February 2001, but did not file an EEOC charge until November 2001, and stating that "[t]hough [plaintiff] is correct that he was not terminated until the [Board] acted, . . . the time for filing a charge of discrimination began at the time of his suspension") (citing *Ricks*, 449 U.S. at 261, and *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)); *Rogers v. Metro. Water Reclamation Dist.*, No. 01 C 2271, 2001 WL 1835161, at *1 (N.D. Ill. Dec. 17, 2001) (dismissing Title VII claim as time-barred where plaintiff, a former MWRD employee, was suspended in July 1998 pending termination and terminated by the Board in November 2000, but did not file an EEOC charge until January 2001) (citing *Ricks*, 449 U.S. at 261). As Judge Kennelly observed in *Myers*, the original complained-of discriminatory act is the one taken by the MWRD when it suspended plaintiff pending discharge, and the Board's decision "simply confirmed this

4

allegedly discriminatory act." 2005 WL 991899, at *2; *see also Lever v. Nw. Univ.*, 979 F.2d 552, 556 (7th Cir. 1992) ("[W]hen the first decision is connected to and implies the second—when, in other words, a single discriminatory decision is taken, communicated, and later enforced despite pleas to relent—the time starts with the initial decision."). Escobedo's work and pay status were disrupted when the MWRD acted in May 2013. Accordingly, Escobedo's ADA claims are barred as untimely.

Escobedo asserts that *Myers* and *Rogers* "should be revisited" because only the Board could make a final decision whether to terminate Escobedo's employment, and while the matter was pending before it, he did not know whether his employment would actually be terminated. (ECF No. 106, Pl.'s Add'l Materials & Args. at 4.) But Escobedo fails to develop any coherent argument for why this Court should not adopt the reasoning of *Myers* and *Rogers*, and the Seventh Circuit rejected a similar lack-of-notice argument in *Stepney*, where, as here, the plaintiff had not set forth any facts relevant to his loss of seniority and pay that had been concealed from him or were otherwise unavailable after the date he was informed of the original adverse action. 392 F.3d at 240-41. Escobedo also asserts in conclusory fashion that *Ricks* and *Chardon* are not controlling because they are distinguishable on their facts. According to Escobedo, the plaintiffs in those cases were not holding jobs that "afforded them certain protections," (Escobedo does not elaborate on the nature of those "protections" or how they affect the analysis here), and there, "a committee or party made the determination that opened the door to appeals and grievance hearings." (Pl.'s Add'l Materials & Args. at 4.) But Escobedo does not explain how the facts of *Ricks* and *Chardon* are *materially* distinguishable such that the Court would not apply their governing legal principles on the accrual of the statute of

5

limitations.  Furthermore, Escobedo cites no authority that supports his argument that the statute of limitations accrued only when the Board rendered its decision.

Because plaintiff has failed to show that there is a genuine issue of material fact regarding the accrual of his claims, the Court will enter summary judgment in favor of defendant and against plaintiff.

## CONCLUSION

Defendant's motion to dismiss the amended complaint [94], converted to a motion for summary judgment, is granted.  Civil case terminated.

**DATE**:  October 11, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**